**SCANNED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60126-CIV-COHN/SNOW

ZHANJIANG GO-HARVEST
AQUATIC PRODUCTS CO., LTD.,
a foreign corporation, and
HAINAN GOLDEN SPRING FOODS
CO., LTD., a foreign corporation,

        Plaintiffs,

v.

SOUTHEAST FISH & SEAFOOD
CO., a Florida corporation, and
Y&S IMPORTS, LLC, a Florida
Limited Liability Company,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon a Motion to Dismiss and/or to Drop Party, filed by Defendants Southeast Fish & Seafood Co. and Y&S Imports, LLC [DE 5]. The Court has considered the Motion, Plaintiffs' Response [DE 6], and the record, and is otherwise duly advised in the premises.

I.   **Introduction**

      The above-referenced action was filed by Plaintiffs Zhanjiang Go-Harvest Aquatic Products Co. and Hainan Golden Spring Foods Co. for breach of contract. Plaintiffs allege that they entered into a series of agreements to provide seafood products to Defendant Southeast Fish & Seafood, that the seafood products were delivered, and that Southeast failed to make full payment pursuant to the agreements. Plaintiffs also allege that at the time of the transactions, Defendant Southeast Fish &

Seafood was operating under a fictitious name registered with the State of Florida, and was actually conducting business as Y&S Imports, LLC. Thus, both Southeast and Y&S are named in the lawsuit.

According to the Complaint, Southeast entered into a general agreement in June 2004 with seafood wholesale suppliers Go-Harvest and Hainan to purchase seafood products. Southeast then allegedly entered into several agreements with Plaintiff Go-Harvest between July 2005 and October 2005 for the purchase of seafood products, the seafood products were delivered by Plaintiff Go-Harvest, but Go-Harvest was not paid in full for those shipments. Southeast also allegedly entered into a Guarantee on April 12, 2006, promising to pay the balance of $697,398.60 owed to Go-Harvest, but did not make payment pursuant to that Guarantee. Plaintiffs additionally allege that Southeast entered into a series of agreements with Plaintiff Hainan between May 2005 and August 2005, that the seafood products were delivered by Plaintiff Go-Harvest, but that Defendant failed to make full payment for these shipments. Plaintiffs allege that a total of $697,398.60 is owed to Go-Harvest and $281,815.40 is owed to Hainan, excluding late fees, interest, and other damages.

In Count I of the Complaint, Plaintiffs seek recovery for breach of contract for sale of goods under the United Nations Convention on Contracts for the International Sale of Goods, Art. 1, *et seq*. In Count II of the Complaint, Plaintiff Go-Harvest seeks recovery for breach of contract with respect to the Guarantee of Payment entered into by Southeast. Plaintiffs also seek recovery for lost late fee penalties, lost profits, losses associated with depreciation in exchange rates, lost interest, and any incidental damages.

## II. Joinder

Defendants first argue that the joinder of the two plaintiffs, Zhanjian Go-Harvest Aquatic Products Co. and Hainan Golden Spring Foods Co., is improper. Federal Rule of Civil Procedure 20 provides that more than one party may join a party as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Thus, a party seeking joinder must establish 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some common issue of law or fact. Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000) (overruled in part on other grounds). Defendants argue that Plaintiffs' claims are independent of each other, and are based on separate and distinct shipments of seafood, shipped and invoiced by each Plaintiff individually, but never both. Plaintiffs respond that the shipments at issue were accomplished in collaboration with one another, with Go-Harvest packing and Hainan exporting at least some of the shipments, and the right to relief arose out of a single series of transactions.

A review of the Complaint in this case reveals that the right to relief arose out of a series of related transactions, and that several questions of fact and law are common to both Plaintiffs. The Complaint alleges, in paragraphs 14 - 26, that the Defendants entered into a number of agreements to purchase seafood from Plaintiff Go-Harvest. It also alleges, in paragraphs 33 - 36, that the Defendants entered into a number of agreements to purchase seafood from Plaintiff Hainan, which was delivered by Plaintiff Go-Harvest. Thus, although some of the transactions at issue were conducted

3

between Defendants and Go-Harvest alone, at least some of the transactions involved both Go-Harvest and Hainan, and all were alleged to be part of the same series of transactions. Although Count II of the Complaint, "breach of contract–guarantee of payment," applies only to Plaintiff Go-Harvest, Count I of the Complaint, "breach of contract for sale of goods," raises the same questions of law as to all Defendants' transactions with both Plaintiffs. Thus, the Court concludes that the claims asserted arose out of the same transactions and series of transactions, and that there are questions of law and fact that are common to both Plaintiffs, so joinder of these two Plaintiffs is appropriate.

### III.    Cause of Action Against Defendant Y&S Imports

Defendants next argue that Plaintiffs fail to state a claim against Defendant Y&S Imports, LLC. Defendants argue, essentially, that because only Southeast Fish & Seafood, and not Y&S Imports, was listed on the invoices for the transactions at issue, and Southeast is not doing business under the fictitious name of Y&S Imports, Y&S Imports is not a proper Defendant. In support, Defendants point to Attorney General Opinions stating that a corporation doing business under its legal name need not register under the Fictitious Name Act. However, Plaintiffs allege in their Complaint that Defendant Y&S Imports was not, in fact, doing business under its legal name. Plaintiffs allege that Southeast Fish & Seafood is a fictitious name, used by Y&S Imports to conduct business, and so the real party in interest in the transactions at issue was Y&S Imports. These allegations are sufficient to meet the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, the Court concludes that Plaintiffs have made

4

sufficient allegations in their Complaint to state a cause of action against Y&S Imports.

## IV.     Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss and/or to Drop Party and for Other Relief [DE 5] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25TH day of May, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record