UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07cv60126-CIV-COHN/SELTZER



ZHANJIAN GO-HARVEST
AQUATIC PRODUCTS CO.,
LTD., a Foreign Corporation,
and HAINAN GOLDEN SPRING
FOODS CO., LTD., a Foreign
Corporation,

          Plaintiffs,

v.

SOUTHEAST FISH & SEAFOOD,
CO., a Florida Corporation, and
Y&S IMPORTS, LLC, a Florida
Limited Liability Company,

          Defendants.

_____/

## ORDER DENYING MOTION TO STRIKE NOTICES OF FILING DEPOSITIONS

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike Notices of

Filing Depositions [DE 67]. The Court has considered the Motion, Plaintiffs' Expedited

Response [DE 72], and the record, and is otherwise fully advised in the premises.

In this Motion, Defendants request that the Court strike the Notices of Filing for

the depositions of Jamie Yuken [DE 54], Robert Schwartz [DE 55], and Anthony

Coleman [DE 56], and to prohibit Plaintiffs from relying on the deposition excerpts in

support of their Motion for Summary Judgment. In support of this Motion, Defendants

point to the language of Federal Rule of Civil Procedure 56(c), which makes reference

to "depositions . . . on file," with no mention of deposition excerpts.[1] Defendants also

---

[1] The Court notes that effective December 1, 2007, the language of Rule 56(c)
has changed. It now makes no specific mention of depositions at all, referring only
generally to "the discovery and disclosure materials on file."

cite to an inapplicable Alabama state court decision, see McGough v. G & A, Inc., 2007 WL 2333028 (Ala. Civ. App. 2007), and a case from the Southern District of Florida where the court's own reading of the entire deposition transcript uncovered additional evidence not revealed in the excerpts, see Caro v. Miami-Dade County, 105 F.Supp.2d 1326 (S.D. Fla. 2000).

However, in reviewing the authority cited by Defendants, the Court finds no requirement that parties submit entire deposition transcripts. As Plaintiffs point out, the Local Rules of the Southern District of Florida clearly contemplate the filing of transcript excerpts, and the Eleventh Circuit in Clay v. Equifax "conclude[d] that it was proper for the [district] court to consider these [deposition] excerpts when making its ruling." 762 F.2d 952, 955 n.2 (11th Cir. 1985). In light of this authority, the Court concludes that the filing of deposition transcript excerpts in support of a Motion for Summary Judgment is appropriate, and the Court need not strike the excerpts that were filed in Docket Entries 54-56. However, if Defendants feel that there is additional relevant information in the deposition transcripts that is not included in the excerpts, they are welcome to file their own excerpts or the full transcripts in support of their Response.

Plaintiffs also argue that Defendants failed to comply with the requirements of Local Rule 7.1(A)(3), which specifically instructs counsel to confer, or make a reasonable effort to confer, with opposing counsel prior to filing a motion. Defendants have not complied with this requirement as to the instant Motion. Plaintiffs also indicate that they have attempted to confer with Defendants regarding a previous Motion, but received no response. The Court takes this opportunity to remind Defendants that the requirements of the Local Rules are not optional, and directs Defendants to ensure

compliance with these rules when filing any future motions. Failure to comply with the Local Rules, specifically the requirements regarding conferring with opposing counsel, will result in denial of the non-compliant motions and possible sanctions. At this time, however, the Court denies Plaintiffs' request that the costs associated with filing the Response to the instant Motion be taxed against the Defendants.

In consideration of the foregoing, It is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Strike Notices of Filing Depositions *[DE 67]* is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this ____ day of February, 2008.

_____
**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record

3